**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

David Bahena-Vergara,

Petitioner,

v.

United States of America,

Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1620 ADM
Criminal No. 99-351(5) ADM/AJB

---

David Bahena-Vergara, *pro se*.

Susan J. Nolting, Esq., Assistant United States Attorney, Minneapolis, Minnesota, on behalf of Respondent United States of America.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge on Petitioner David Bahena-Vergara's ("Petitioner") Motion to Vacate, Set Aside, Grant a New Trial, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 474]. Petitioner claims that his counsel was ineffective for failing to argue at sentencing for a downward departure based on diminished mental capacity under U.S.S.G. § 5K2.13. Respondent United States objects to Petitioner's Motion, asserting that Petitioner fails to satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). For the reasons below, Petitioner's Motion is denied.

## II. BACKGROUND

On March 28, 2000, Petitioner pled guilty to Count I of the superseding indictment charging him with conspiring to distribute and to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. *See* Plea Tr., at 33; Plea Agreement ¶ 2. Petitioner understood that the minimum sentence he could receive on Count 1 was ten years, and the

FILED FEB 0 5 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

maximum sentence on Count 1 was a life sentence. *See* Plea Tr., at 18-19; Plea Agreement ¶¶ 3, 4. Petitioner further understood that the application of the Sentencing Guidelines is a matter that falls solely within the Court's discretion. *See* Plea Tr., at 27-28; Plea Agreement ¶ 11.

On September 7, 2000, Petitioner was sentenced to a 175-month prison term. The Court, after accepting the argument of Petitioner's counsel, found that Petitioner was an average participant in the conspiracy rather than a leader, adjusting the total offense to level 33, and found Petitioner's criminal history category to be III rather than IV as suggested in the Pre-Sentence Report. Petitioner did not appeal his sentence.

## III. DISCUSSION

A prisoner may bring a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence if the sentence was imposed in violation of the United States Constitution or federal statutory laws. A petitioner must show that the error, if left uncorrected, would result in a complete miscarriage of justice or in a "conviction of one innocent of the crime." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). The petitioner may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error. *United States v. Frady*, 456 U.S. 152, 167-68 (1982). A showing of ineffective assistance of counsel may satisfy both cause and prejudice. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Petitioner contends that his counsel was ineffective for failing to request a downward departure based on diminished mental capacity at his sentencing. Petitioner alleges that he pled guilty on the premise that his counsel would argue for a downward departure based on diminished metal capacity. However, the terms of his plea agreement were not conditioned on

such a downward departure. Petitioner agreed that, if he was sentenced at or below the guideline range of 262-324 months, he agreed to waive his right to appeal or contest, directly or collaterally, his sentence on any ground. Plea Agreement ¶¶ 9-10. Such waivers are enforceable. *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Moreover, there is no evidence that Petitioner's decision to accept the plea agreement was based on "advice outside the range of competence demanded of attorneys in criminal cases." *Id.* (citations omitted). Accordingly, this Petition must be dismissed.

Even if not precluded by the waiver, Petitioner is unable to establish a claim of ineffective assistance. To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his counsel's representation fell below an objective standard of reasonableness (performance prong), and (2) that any ineffectiveness prejudiced him, thereby depriving him of a fair trial and rendering the results of the trial unreliable (prejudice prong). *See Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir. 1996) (citing *Strickland*, 466 U.S. at 687). "The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding." *Strickland*, 466 U.S. at 692-93. Even if Petitioner shows that particular errors of counsel were unreasonable, therefore, he must show that such defects actually had an adverse effect on his defense. *Id.* Claiming that the errors had "some conceivable effect on the outcome of the proceeding" is insufficient. *Id.*

The proper measure of attorney performance is "simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. To demonstrate that counsel's performance was deficient, Petitioner must prove that counsel's errors were so serious that "counsel was not

functioning as 'counsel' guaranteed by the constitution." *Id.* at 687. Judicial review of counsel's performance must be highly deferential. *Id.* at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

Petitioner's counsel vigorously argued that Petitioner was an average participant in the conspiracy and that his criminal history was over-stated at level IV. Counsel's arguments were accepted and Petitioner received a 175-month sentence. There is no evidence that his counsel's representation in this matter fell below the threshold of reasonableness.

Petitioner also fails to satisfy the prejudice prong of the *Strickland* analysis. To show prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Petitioner points to no evidence that he committed the offense while under a significantly reduced mental capacity. A review of the plea transcript show no basis for believing Petitioner did not fully understand the proceeding. He is unable to show that, but for any conjectural shortcomings of his counsel, his sentence could have been lower than the 175-month sentence he received. Because Petitioner has failed to establish that the outcome of his plea and conviction would have been different, Petitioner cannot demonstrate prejudice. Petitioner's ineffective assistance claim is without merit.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion [Doc. No. 474] to Vacate, Set Aside, Grant a New Trial, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

The Petition is **DISMISSED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: February 5, 2002